UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-CR-10028-MOORE

**UNITED STATES OF AMERICA**

vs.

**DONALD GLENN BEASLEY,**

      **Defendant.**
_____/

**THE UNITED STATES OF AMERICA'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND MOTION FOR UPWARD VARIANCE**

On February 11, 2019, the defendant, Donald Glenn Beasley (the "Defendant"), pled guilty to the receipt and possession of child pornography, violations of Title 18, United States Code, Sections 2255(a)(2) and 2255 (a)(4)(B), respectively. (DE 32). On May 6, 2019, the United States Probation Office ("Probation") filed its Presentence Investigation Report ("PSI"). (DE 39). The United States comes now and files its objections to the PSI and makes its request for an upward variance.

Given the Defendant's actions in this offense; the relevant conduct involving a minor victim; and his lack of candor with this Court in taking full responsibility for his actions, the United States avers that an upward variance from the advisory sentencing guidelines is proper. As explained below, the United States agrees with Probation that the Defendant's total offense level is 32, and he has a criminal history category of I. Therefore, his guideline range is 121 to 151 months. The United States respectfully submits that, given the Defendant's characteristics and history, an upward variance of 89 months, which would result in a sentence of 240 months, would be appropriate.

### The Objections to the Presentence Investigation Report

The Government's objections to the PSI are as follows:

1. <u>Paragraph 49</u>: the state criminal charges filed against the Defendant for his conduct involving minor M.P. are not "lewd and mischievous behavior." He is in fact charged with Lewd and Lascivious Behavior – Molestation of a Victim Less than 12 years of Age and Offender over 18 Years of Age, a violation of Florida Statute Section 800.04(5)(b).

2. <u>Paragraph 89</u>: the Government disagrees with the position that no factors warrant an upward variance. As further detailed below, the Government believes that several factor warrant an upward variance resulting in a sentence above the advisory guideline range.

### The Government's Request for an Upward Variance

The United States of America respectfully requests the Court to vary upward from the advisory sentencing guidelines' imprisonment range of 121-151 months, and sentence the Defendant to 240 months' imprisonment. This argument, which will be supported by evidence and argument at the sentencing hearing on June 10, 2019, is based upon the following:

a. <u>The nature and circumstances of the offense (18 U.S.C. § 3553(a)(1))</u>.

The Defendant used the newest, most encrypted peer-to-peer network to date to find and download child pornography. Using that network, he downloaded the two (2) videos and 212 still images of child pornography found on his laptop and one external hard drive. However, according to his network logs, he also used it to download numerous other videos and images, with names that are consistent with child pornography, onto two (2) other ultra-encrypted external hard drives seized from his residence.

Furthermore, the circumstances of the offense show the Defendant went to extreme lengths to hide his illegal conduct. He was the person who set up the Popp's Motel's password-protected

wireless internet system. Moreover, the Defendant saved the majority of his child pornography on two (2) external hard drives that were so well encrypted that neither FBI-CART in Miami or CART at FBI headquarters in Quantico could break into them. The Defendant's care in super encrypting the manner and means in which he obtained child pornography, and the repositories which housed his child pornography collection, therefore, show a man willing to commit crimes in a stealthy manner while unwilling to control his sexual desires.

    b. The History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1)).

The Defendant has no criminal priors. However, unlike many cases that involve solely the possession of child pornography, this case involves a defendant who not only actively sought pornography, but who also acted upon his proclivity for this material by sexually molesting a five-year old girl. The Defendant's actions in committing the molestation show his sexual preference for prepubescent females has gone beyond the "mere viewing" of illegal material to become active participation in sexual conduct with a minor. Consequently, it shows the escalation in the Defendant's criminal behavior.

Additionally, the Defendant is a former deputy sheriff. As a former law enforcement officer once sworn to uphold the law, he is uniquely aware of the criminal nature of his actions in receiving and possession child pornography and in molesting a prepubescent child.

Finally, the Defendant's lack candor with the Court in his statement to Probation, in addition to the great lengths the Defendant went to stealthily download and possess child pornography, show his duplicitous nature. In his statement, he tells that Court that, while he knew downloading child pornography was wrong, "at least I came to my senses and deleted the pornography from my computer." (PSI ¶ 29). The evidence simply does not support this statement. The forensic evidence from the Defendant's laptop does not show he deleted pornography from

his computer. What the evidence shows is that the Defendant had recently played and downloaded child pornography. Furthermore, the forensic evidence shows the majority of the files he downloaded were on the two seized, ultra-encrypted external hard drives. Therefore, far from deleting his cache of pornography, he hoarded it. Therefore, this statement demonstrates the Defendant's lack of candor with the Court and shows his duplicitousness.

   c. <u>The Need for the sentence to afford adequate deterrence and to protect the public from further crimes of the Defendant (18 U.S.C. § 3553(a)(2)(B), (C)):</u>

The Defendant is currently 56 years old. Based on his history and characteristics, as described above, it is clear the Defendant poses a risk of danger to the community. The molestation of one child would be sufficient to find he is a danger. Moreover, if there had been just one more instance of molestation, with the minor involved in this case or with another child, the Defendant would have qualified for a five-level enhancement under U.S.S.G. §2G2.(b)(5), and his advisory guidelines range would have been 210 to 262 months imprisonment. Consequently, an upward variance from the guidelines will ensure the community is protected from further crimes of this nature by the Defendant and provides a deterrent from future recidivism.

## **CONCLUSION**

In light of the foregoing, the United States respectfully requests that the Court vary upwards from the advisory sentencing range and impose a sentence of 240 months' imprisonment, which, in light of the statutory maximum, is sufficient but not greater than necessary in order to reflect the seriousness of the offense, to provide just punishment, and to afford adequate deterrence to criminal conduct for both the Defendant and others who are similarly situated. 18 U.S.C. § 3553(a).

                                             Respectfully submitted,

                                    ARIANA FAJARDO ORSHAN
                                    UNITED STATES ATTORNEY

By:    */s/ Alejandra L. López*
         Alejandra L. López
         Assistant United States Attorney
         Florida Bar No. # 37132
         99 Northeast 4th Street
         Miami, Florida 33132-2111
         Tel: (305) 961-9241
         Fax: (305) 530-7976

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                    */s/ Alejandra L. López*
                                    Alejandra L. López
                                    ASSISTANT U.S. ATTORNEY