UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-10028-CR-MOORE

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DONALD GLENN BEASLEY,

        Defendant.

_____/

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND REPONSE TO GOVERNMENT'S OBJECTIONS**

Defendant Donald Glenn Beasley, through counsel and pursuant to U.S.S.G. § 6A1.2 and Administrative Order 95-2, does hereby submit his objections to the Presentence Investigation Report (PSI) which was prepared in this case.

**1. Offense Level Computation, ¶¶ 30 – 44:**

Defendant respectfully requests that he receive a 2 level reduction to his guideline calculation pursuant to U.S.S.G. § 2G2.2(b)(1).[1] This section provides: "If (A) subsection (a)(2) [of § 2G2.2] applies; (B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, decrease by 2 levels." Here Defendant's guidelines are predicated on §

---

[1] This adjustment should be applied between PSI ¶¶ 32 and 33.

2G2.2(a)(2). *See* PSI, ¶ 32. Defendant pled guilty to possession and receipt of child pornography. There are no allegations of distribution in this case. In fact, the Government's own pleading in which they advocate for an upward variance of 89 months [DE: 42] fails to make reference to distribution of any kind. Further, the government has affirmatively represented to the United States Probation Office that "… there is no evidence that the defendant shared any of these images". *See* PSI, ¶ 26.

If the above adjustment is applied, Defendant's adjusted offense level (PSI ¶ 40) is 33, is total offense level (PSI ¶ 44) is 30 and his guideline imprisonment range (PSI ¶ 78) is 97 – 121 months.

**Pending Charges, ¶ 50**:

Although Defendant does not object to reference to his pending Monroe County charge (PSI ¶ 49), Defendant does object to, and emphatically denies, the conduct which is attributed to him in ¶ 50. This charge is based on the unsubstantiated and uncorroborated statement of a 5 year old to an agent of the Federal Bureau of Investigation. Defendant is unaware of any physical evidence which supports this allegation. Further, the description of the facts is written as though the alleged acts have been proven as opposed to being allegations. It was not "discovered that the defendant enticed the victim ….". It has been "alleged" that this activity took place. This inflammatory reference regarding

uncorroborated conduct must necessarily be removed from Defendant's PSI and not considered as part of the sentencing process in this case which should focus on the offenses to which Defendant pled guilty: possession and receipt. Accordingly Defendant respectfully requests that PSI ¶ 50 be removed from the sentencing report.

**2. Military, ¶ 65**:

Defendant respectfully represents that he has received approximately 29 medals and awards during his 22 years of military service on behalf of the United States. This service included a tour of Iraq during Operation Iraqi Freedom in 2003. Defendant notes that the Probation Office has requested a copy of his military records which are yet to be received; however, Defendant respectfully requests that the PSI be supplemented as referenced.

**Defendant's Response to Government Objections and Request for Variance**

Defendant respectfully objects to, and opposes, the Government's request for an upward variance from the advisory guideline range and for imposition of a sentence of 20 years. The government argues that the variance is justified because "[t]he Defendant used the newest, most encrypted peer-to-peer network to date to find and download child pornography" and that he "went to extreme lengths to hide his illegal conduct". [DE 42: 2]. The Government continues that he "saved

the majority … on 2 external hard drives that were so well encrypted that neither FBI-CART in Miami or CART at FBI headquarters in Quantico could break into them". DE 42: 3].

The manner and means by which Defendant stored what he downloaded is not the issue in this case. What is the issue is his possession and receipt. There is no indication in this case that the manner and means by which Defendant utilized the internet to possess and receive the material was done in any sophisticated form – different from that of the typical individual who downloads like material – in order to disguise the nature of the downloads. The manner of storage of the materials is not the criminal act which was committed in this case. The criminal acts are the possession and receipt and there is nothing in the record of this case which suggests the manner by which Defendant obtained the materials was any more nefarious or more difficult to detect by law enforcement agents than the typical person who is charged in a like offense.

Finally the Government argues that the variance is supported because Defendant, a 56 year old man, poses a risk to the community by suggesting that he has molested a child. The Government notes: "[I]f there had been just one more instance of molestation, with the minor involved in this case or with another child, the Defendant would have qualified for a five-level enhancement …". [DE 42: 4]. This statement suggests that the Government is asking this Court to view a pending

charge – and uncorroborated allegation of a 5 year old – as tantamount to a criminal conviction. If this Court intends to rely upon the serious and deprecating statements of a 5 year old who was interviewed solely by an agent of the same agency which is prosecuting Defendant in this case, Defendant respectfully requests that this Court adopt one of the followed two options:

(a) Continue the sentencing hearing in this case until Defendant's Monroe County case (Case No. 2018-CF-00275-A-P) is resolved; or

(b) Continue the sentencing hearing to allow time for Defendant to hire a child psychologist to perform an independent evaluation of the victim (outside of the courthouse environment) in a manner which is consistent with the evaluation that was performed by the Government in which Defendant had no opportunity to participate.

Defendant respectfully suggests that a sentence of 97 months, i.e., the low end of the advisory sentencing guideline range (when adjusted for this being a non-distribution offense) is sufficient punishment for a 56 year old Defendant who devoted 32 years of his life to military service and law enforcement. He is a first offender who, if sentenced to 97 months, will be well into his 60's when released. Further a sentence of 97 months, coupled with a recommendation that Defendant serve his sentence at FMC Butner, will provide ample opportunity for Defendant to participate in programs designed for individuals who are convicted of similar

offenses which, when coupled with strict registration and counseling requirements as conditions of supervised release, should allay the Government's concerns about Defendant's "danger to the community".

Accordingly Defendant respectfully asks that the Government's request for an upward variance be denied and that he be sentenced to the custody of the Bureau of Prisons for a term of 97 months for the reasons cited herein..

        MICHAEL CARUSO
        FEDERAL PUBLIC DEFENDER

BY: s/*Stewart G. Abrams*
     Stewart G. Abrams
     Assistant Federal Public Defender
     Fla. Bar No. 0371076
     150 West Flagler Street, Suite 1500
     Miami, Florida 33130-1555
     Telephone No. (305) 536-6900

## **CERTIFICATE OF SERVICE**

I hereby certify that on **May 18, 2019**, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BY: s/*Stewart G. Abrams*
Stewart G. Abrams